

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00473-CV

———————————————————

IN THE INTEREST OF A.E., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-691939-20

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

In this ultra-accelerated appeal,[1] Appellant A.K. (Mother) appeals the trial court's order terminating her parent–child relationship with her daughter A.E. (Daughter).[2] The trial court found that the Department of Family and Protective Services (the Department) had proved three conduct-based grounds for termination and that termination was in Daughter's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (b)(2). The trial court awarded permanent managing conservatorship of Daughter to the Department. Mother timely appealed.

## II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is "without merit and frivolous." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate courts to dispose of appeals from judgments terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]Daughter's parent–child relationship with her father was also terminated, but no appeal was filed on the father's behalf. The father did not appear at the termination trial.

meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, but she has not done so.[3] The Department has declined to file a responsive brief.

## III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also

---

[3]Mother's appointed appellate counsel sent Mother a letter informing her of the *Anders* brief and of her right to review the appellate record and file a response. We too sent Mother a letter notifying her of her right to file a pro se response. Those letters were sent to the address listed for Mother in the trial court's termination order. Our letter was returned to us with the notation "return to sender attempted – not known unable to forward." We then found another address listed for Mother in the appellate record, and we directed Mother's appointed appellate counsel to re-send his letter to Mother at that address. Counsel complied. We also re-sent our letter notifying Mother of her right to file a pro se response to the other address listed in the record. Our second letter was also returned to us with the notation "return to sender attempted – not known unable to forward." Despite our attempts to contact Mother, we have not received any response from her. *See In re C.C.*, No. 02-23-00062-CV, 2023 WL 4781201, at *1 n.2 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op.) (discussing court's attempts to notify mother of her right to file a response to an *Anders* brief and affirming termination of her rights despite court's letters to her being returned); *In re E.L.*, No. 02-17-00247-CV, 2017 WL 6047671, at *1 n.3 (Tex. App.—Fort Worth Dec. 7, 2017, no pet.) (mem. op.) (similar); *see also In re B.D.*, No. 02-21-00194-CV, 2021 WL 5028439, at *2 n.8 (Tex. App.—Fort Worth Oct. 28, 2021, pet. denied) (mem. op.) ("Mother . . . bore the responsibility to notify her counsel . . . or . . . this court . . . of changes to her contact information.").

3

consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at \*10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Mother and Daughter.

Mother's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, Mother's counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

## IV. CONCLUSION

We agree with counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  April 8, 2025